**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TROY CARNEY, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2-05-CV-122 (TJW) |
| FORD MOTOR COMPANY, | § | |
|     Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Ford Motor Company's ("Ford") Motion to Transfer Venue.  Having

considered the parties' written submissions, the Court GRANTS the motion.

**I.      Introduction**

On March 22, 2005 Troy Carney *et al*. ("Carney") filed this products liability lawsuit in the

Eastern District of Texas arising out of an accident involving the power window on a Ford truck.

Ford has moved to transfer venue to the Eastern District of Louisiana.

**II.      Applicable Law**

"For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought."  28

U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim

could have been filed in the judicial district to which transfer is sought.  *In re Volkswagen AG*, 371

F.3d 201, 203 (5th Cir.2004).  If so, under section 1404(a), a court examines "the convenience of the

parties and witnesses." *Id*.  The convenience determination involves examining several private and

public interest factors, none of which is given dispositive weight. *Id*.

The private factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of the compulsory process to secure witnesses' attendance;

(3) the willing witnesses' cost of attendance; and

(4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.

*Id*.

The public factors include:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having local issues decided at home;

(3) the forum's familiarity with the governing law; and

(4) the avoidance of unnecessary conflict of law problems involving foreign law's application.

*Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's choice of forum, by itself, is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003); *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567, 571 (E.D.Tex.2004) (Folsom, J.). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to the plaintiff's claims. *In re Volkswagen*, 371 F.3d at 204. The Court will not consider the location of the parties' counsel as this factor is not applicable to determining whether transfer is appropriate. *In re Volkswagen*, 371 F.3d at 204.

III.    **Venue in the Eastern District of Louisiana**

Federal jurisdiction of this case is premised on diversity jurisdiction. Therefore, this case could have been brought in: (1) a judicial district in which any defendant resided if all defendants

resided in the same district; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a judicial district in which a substantial part of the property at issue was located; or (3) if there is no other district in which the action could have been brought, in a judicial district in which any defendant was subject to personal jurisdiction when the action was commenced.  28 U.S.C. § 1391(a).

Carney does not deny that he could have brought this case in the Eastern District of Louisiana. The accident occurred in the Eastern District of Louisiana and the sole defendant, Ford, would certainly have enough contacts with the Eastern District of Louisiana to establish jurisdiction. As it is apparent that this case could have been brought in the Eastern District of Louisiana, the Court turns to the public and private interest factors.

**IV.**   **Application of the Transfer Factors**

The transfer factors must be applied to all claims brought in this case.  *See In re Volkswagen*, 371 F.3d at 204.  This case involves claims that Ford produced, or sold, a product with design and manufacturing defects – specifically, a defective power window.  Defendants have asserted that Plaintiffs were negligent in leaving their child unattended in the Ford truck.  After review of all the factors, the Court finds that the reasons to transfer the case outweigh the reasons to retain the case in the Eastern District of Texas.  Therefore, the Court will grant Ford's motion.

The Private Factors

(1) *The plaintiff's forum choice*.

While the plaintiff's forum choice is neither controlling nor determinative, it is a factor to be considered.  *In re Horseshoe Entm't*, 337 F.3d at 434.  Although most, if not all, of the Plaintiffs reside in the Eastern District of Louisiana, Plaintiffs chose to bring their suit in the Eastern District

of Texas.  Thus, this factor weighs against transfer.

(2) *The relative ease of access to sources of proof.*

Proof relating to the products' design and manufacture is not located in the Eastern Districts of Texas or Louisiana.  Some proof relating to Ford's defenses, such as medical reports and any witness accounts, is in the Eastern District of Louisiana.  Because most of the proof related to Ford's defenses can easily be sent to the Eastern District of Texas, this factor only slightly favors transfer.

(3) *The availability of the compulsory process to secure witnesses' attendance.*

Because numerous potential third-party witnesses do not reside in the state of Texas, compulsory process is not available to secure these witnesses' attendance.  As such, this factor weighs in favor of transfer.

(4) *The willing witnesses' cost of attendance.*

Although Marshall does not have an airport, Marshall is approximately 60 miles from Tyler, Texas (which has an airport) and is approximately 40 miles from Shreveport, Louisiana (which also has an airport).  Witnesses relating to the product's manufacture and design will not be substantially more inconvenienced to attend trial in the Eastern District of Texas than in the Eastern District of Louisiana.

As to potential witnesses from Amite, Louisiana, these witnesses will be more inconvenienced in the Eastern District of Texas than in the Eastern District of Louisiana.  Carney argues that few, if any, of the witnesses from the scene will be called to testify at trial.  Ford disagrees.  To the extent witnesses from Louisiana will be called to testify at trial, this factor would favor transfer to the Eastern District of Louisiana.

(5) *All other practical problems that make the case's trial easy, expeditious, and inexpensive.*

The accident occurred in 2004.  This case is set for trial in eight months.  Carney asserts that if the case is transferred, it could take as long as 16 months to get to trial on the merits.  To the extent transfer would delay resolution of the case on its merits, this consideration would weigh against transfer.

The Public Factors

(1) *The administrative difficulties flowing from court congestion.*

As noted above, this case is set for trial in April of 2006.  Carney has offered some evidence that if the case were transferred to the Eastern District of Louisiana, it would take substantially longer to get to trial.  Thus, this factor weighs against transfer.

(2) *The local interest in having local issues decided at home.*

At the outset, the Court recognizes that residents of this district have an interest in protecting its citizens from potentially dangerous products.  Relying on *Volkswagen*, Ford argues that its comparative fault defense, coupled with potential witnesses related to that defense, outweigh this concern and compel transfer.  Carney argues that because the alleged wrongs of design and manufacture did not occur in Louisiana, Louisiana does not have a greater local interest in resolving the dispute than Texas.  Under the facts of the instant case, the Court agrees with Ford.

Products liability claims can raise issues relating to the plaintiff's own conduct and require proof that will most likely be located at the place of injury.  Thus, merely asserting a claim of negligence against a plaintiff, by itself, is not enough to result in transfer.  Moreover, there does not appear to be a factual dispute as to many of the facts that would tend to support Ford's negligence defenses.  However, to the extent there is a factual dispute that would require Ford to produce fact witnesses supporting its defenses, this factor would slightly favor transfer.

(3) *The forum's familiarity with the governing law*.

As Carney noted in its briefing, this Court is very familiar with products liability cases. However, this case will be tried under Louisiana law.  While this Court is certainly capable of analyzing Louisiana law, given the peculiarities inherent in Louisiana law, this factor slightly favors transfer.

(4) *The avoidance of unnecessary conflict of law problems involving foreign law's application*.

Because the current and potential forum are not located within the state of Texas, there could be a conflict of law problem that may arise in applying Louisiana law.  To the extent a potential conflict of law issue could arise, this factor would favor transfer.

V.     **Conclusion**

Afer weighing all of the factors, the Court finds that it should transfer this case.  Accordingly, the Court GRANTS Ford's motion.

SIGNED this 17th day of August, 2005.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE